IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANES SUBASIC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court upon the *pro se* motions of this defendant, who has waived his right to appointed counsel pursuant to Faretta v. California, 422 U.S. 806 (1975), for access to classified material (DE # 986) and for an extension of time within which to file a motion pursuant to § 5 of the Classified Information Procedures Act ("CIPA") (DE # 987). The gravamen of these motions is that defendant believes that certain classified evidence, which he has been unable to review, is crucial to his defense. He does not want his standby counsel, Paul Sun ("Sun"), to be involved in any way in this aspect of the case.

COURT'S DISCUSSION

A *pro se* defendant in a case involving classified evidence faces certain challenges that an individual represented by able counsel with a security clearance does not. The court warned defendant, in hearing held May 10, 2011, and May 13, 2011, that he would be at a significant disadvantage in conducting discovery and engaging in pretrial proceedings by waiving his right to assistance of counsel. Defendant nevertheless elected to proceed *pro se*, and the challenges he now

faces do not warrant, on their own, an order permitting him access to classified evidence without a proper security clearance.

Although a defendant has a right to conduct his own defense, here principles of national security also come into play that do not permit defendant to have access to classified evidence without some further showing of necessity and without the assistance by standby counsel. CIPA, which provides a procedural framework for "protecting classified information without running afoul of a defendant's right to a fair trial," United States v. Moussaoui, 591 F.3d 263, 281 (4th Cir. 2010), is flexible enough to accommodate the competing interests at issue in this case. See also United States v. Abu Ali, 528 F.3d 210, 247 (4th Cir. 2008) (noting that CIPA vests the court with "wide latitude to deal with thorny problems of national security in the context of criminal proceedings").

Prior cases in which a *pro se* defendant without a security clearance has sought access to classified materials for use at trial offer much guidance. The Fourth Circuit has approved permitting standby counsel to continue to "assist the court and [*pro se* defendant] with these matters." See Moussaoui, 591 F.3d at 283. Sun has obtained the requisite security clearance, and is well-equipped to perform this role.

Although defendant's *pro se* motions are not captioned as such, they appear to this court to arise under CIPA § 5 insofar as they seek to compel disclosure of classified evidence for defendant's use in pretrial proceedings or at trial. See 18 U.S.C. App. 3 § 5(a) ("If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall . . . notify the attorney for the United States and the court in writing."). If the court determines that defendant has made a colorable claim under CIPA § 5, and upon motion of the

government pursuant to CIPA § 6, the court may hear from standby counsel and the government as to whether "any substitution existed that would place [defendant] in substantially the same position" as if he had access to the classified information. United States v. Moussaoui, 382 F.3d 453, 458-59 (4th Cir. 2004); see also 18 U.S.C. App. 3 § 6(c).[1] Defendant will be given access to the classified information itself only if it is material to his defense and no substitution can be crafted.

The fact that defendant is reluctant to involve his standby counsel in classified discovery does not alter the relevant principles at issue here. Defendant's reluctance stems from his long-stated desire to have access to the classified information himself, as well as his unfounded belief that his standby counsel will not adequately represent his interests.

Specifically, defendant notes in his filing at docket entry 986 that Sun does not speak Arabic and that the government's attorney was complimentary of Sun at defendant's Faretta hearing. As to the former contention, processes require that any classified evidence in a foreign language be adequately translated for Sun so there is no issue there. As to the latter, the court finds no merit to defendant's implication that standby counsel cannot be trusted to guard defendant's interests in reviewing the classified evidence or crafting substitutions. Those admitted to practice law in this district, who act as officers of the court, are expected to be truthful in their dealings with the court and to "conduct themselves with dignity and propriety." Local Civil Rule 83.1(h). The collegial

---

[1] Noting that the defendant himself would not be able to access the information and would accordingly find it difficult to make the requisite showing that the materials sought were "relevant and helpful" to his defense, the Fourth Circuit held that only a "plausible showing" of materiality was necessary to initiate these procedures. Moussaoui, 382 F.3d at 472.

3

relationship between standby counsel and the government's counsel in the courtroom is simply a matter of professional courtesy.[2]

Additionally, contrary to defendant's arguments that standby counsel's involvement will impinge upon his <u>Faretta</u> right to control his own defense, the process described above leaves Subasic very much in the driver's seat. It is defendant's motion that the court will be considering pursuant to CIPA § 5 in determining whether the classified information at issue is material to his defense, as he envisions it unfolding at trial.

For the reasons stated above, the court will treat defendant's motion at docket entry 986 as one arising under CIPA § 5. Defendant's argument as to materiality is that the classified audio recordings at issue are exculpatory and that they are highly relevant in that they involve the only overt acts allegedly taken by him according to the indictment. That argument has been extensively briefed by defendant and his prior counsel, and is now squarely before the court.

The court now directs Sun, who currently has access to the classified evidence at issue, to file a classified brief to assist the court in its CIPA § 5 determination, where the court has denied defendant's request to personally review classified materials at this time. That filing shall be made on or before May 23, 2011. The government's response time shall be measured from the date of that filing to be made by standby counsel, in supplement to defendant's filing made May 17, 2011.

If, after considering the parties' briefs, the court concludes that defendant has made a plausible showing of materiality, and the government declines either to declassify the recordings or

---

[2] The court notes its own observation that standby counsel has worked zealously to advance defendant's interests, and has exhibited regard for defendant's views in the case. This is shown on the face of the docket and, very directly, as I have observed, through the undersigned's administration of Criminal Justice Act ("CJA") processes. Processes put into practice in this case include case budgeting and the making of monthly voucher submissions by CJA counsel to the court, which submissions are carefully scrutinized.

4

to permit defendant access to them, the court will consider under CIPA § 6 whether summaries or other substitutions crafted by Sun and/or counsel for the government would place defendant in substantially the same position as if he had access to the original classified evidence.[3] Where these summaries will be prepared, if at all, before trial, there is no possibility that this process will indicate to the jury that defendant is not in charge of his own defense. See McKaskle v. Wiggins, 465 U.S. 168, 187 (1984).

CONCLUSION

In summary, the court hereby gives notice that defendant's motion for access to classified material (DE # 986) is interpreted by this court as a motion pursuant to CIPA § 5. In that posture, it is not yet ripe for decision, and for the reasons given, the court HOLDS IN ABEYANCE its ruling on materiality. To the extent defendant seeks immediate access to classified information, that part of the motion is DENIED. In light of the court's interpretation of Subasic's motion at docket entry 986, his request for an extension of time within which to file a CIPA § 5 motion (DE # 987) is DENIED AS MOOT. Standby counsel shall have up to and until May 23, 2011, within which to make filing of or relating to CIPA § 5.

SO ORDERED, this the 19th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[3] At recent hearing, the court understood counsel for the government to say that he would work with the intelligence community in an effort to have the specific evidence at issue declassified. Although the court is not empowered to order the evidence declassified, it believes that declassification would be the most efficient outcome to this issue.