IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-3-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANES SUBASIC; ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's *pro se*, handwritten motions in limine to exclude certain evidence and notice regarding transcripts (DE # 1082, 1083, 1098). In consideration of defendant's *pro se* status, and for the continued efficient administration of this case, the court orders the following:

1. **DE # 1082**

While defendant has titled this filing as a motion in limine to exclude testimony of all witnesses from the Republic of Serbia, this filing is appropriately considered as supplement to defendant's pending motion to suppress information acquired from the Serbian police, lodged on the docket at entry 1024. On May 26, 2011, the court addressed the motion, noting that it was untimely since the deadline for motions to suppress has expired, but that in the court's discretion the filing would be accepted as late. The court allowed defendant until June 9, 2011, to supplement the motion, and the instant filing, lodged on the docket at entry 1082, appears to be such supplement. No further supplement will be accepted or considered by the court. The government's deadline to

respond to the motion to suppress at docket entry 1024 shall be **twenty-one (21) days** from the date of filing of the instant supplement.

Defendant also raises various concerns about his access to legal materials, limited time to draft his filings, and the restrictions imposed by the Special Administrative Measures ("SAM") of his confinement. These issues were addressed at length by the court at hearing held before the undersigned on May 10, 2011, and May 13, 2011, at which hearing defendant communicated he understood that these dangers and disadvantages would significantly hinder his ability to present his defense. Such issues are not a basis for motions to suppress or motions in limine, and defendant is cautioned not to file additional motions that raise these issues as grounds for relief because such motions will not be considered by the court.

Additionally, the court takes this opportunity to remind defendant that when he decided to proceed *pro se*, he accepted the difficulties imposed by his incarceration. This includes different circumstances of incarceration during trial, where defendant will necessarily need to be housed at a facility closer to the courthouse in New Bern. The court cannot guarantee, nor is defendant entitled to, the same circumstances defendant currently enjoys with regard to available space, available working time, and ready access to a computer and other materials used to prepare his defense. While the court will do its best to accommodate defendant's requests with regard to storage of and access to his trial preparation materials and tools, defendant decided to represent himself with full knowledge of these potential difficulties. The court will not permit trial to be disrupted or delayed because of complaint regarding defendant's incarceration.

**2.    DE # 1083**

While defendant titles this motion as a motion in limine to exclude sensitive but unclassified SBU recordings, upon review, the court finds that this is a motion to suppress or exclude evidence obtained pursuant to the Foreign Intelligence Surveillance Act ("FISA"). The deadline for filing defense motions related to classified material was February 15, 2011. Defendant, then represented by counsel, filed three separate motions related to FISA derived evidence, found on the docket at entries 812, 816, and 818. The court has not yet issued order regarding these motions. The court communicated to defendant at hearing held May 10, 2011, and May 13, 2011, that no deadlines would be reopened absent some special showing, where defendant was represented by competent counsel at the time the deadline for filing such motion elapsed. Defendant has not made a special showing as to why the deadline for filing motions related to classified information should be reopened, notwithstanding the fact that at the time the deadline passed, defendant was represented by competent, able, counsel who filed a number of motions regarding FISA derived evidence on defendant's behalf. No further motions regarding this evidence will be accepted or considered by the court. The deadline having passed, defendant's motion is DENIED as untimely.

**3.     DE # 1098**

Defendant has filed a notice with the court regarding the government's receipt of his objections to transcripts. Defendant appears concerned that the government has not received his objections. The current case schedule provides for the parties to confer regarding objections to transcripts on June 30, 2011, and provide a report to the court on July 14, 2011, which report the court will consider and address at status conference to be held July 29, 2011, described in more detail in order entered contemporaneously with the instant order. As such, the filing of notice or motions regarding transcripts with the court is inappropriate at this time. The government is DIRECTED to

3

Case 5:09-cr-00216-FL   Document 1107   Filed 06/09/11   Page 3 of 4

confer with defendant based on the concerns raised in the instant filing. Defendant is advised not to file further notice with the court regarding transcripts which issues will be appropriately considered at the parties' conference on transcripts and considered later by the court. If defendant desires to communicate with the government prior to the transcript conference, he should utilize stand-by counsel to advance such communication, and refrain making filings on the public docket with the court.

## CONCLUSION

Defendant's filing lodged on the docket at entry 1082 is considered supplement to his motion to suppress found on the docket at entry 1024. The government's response time is **twenty-one (21) days** from date of entry of the filing at docket entry 1082. Defendant's motion to suppress FISA derived evidence (DE # 1083) is DENIED as untimely. Defendant has been admonished concerning treatment of transcript issues, all as set forth above more particularly.

SO ORDERED, this the 9th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge