IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-3-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANES SUBASIC; ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's *pro se* motion to review seized evidence (DE # 994). Defendant filed supplement to the instant motion on May 25, 2011, found at docket entry 1025. The government responded in opposition, and in this posture, the issues raised are ripe for review. For the following reasons, defendant's motion is granted.

## STATEMENT OF THE CASE

Defendant is charged along with seven co-defendants in a thirteen (13) count second superseding indictment returned November 24, 2010. Counts one and two allege that beginning no later than November 9, 2006, and continuing through at least July 2009, the eight named co-defendants conspired with each other to provide material support to terrorists in violation of 18 U.S.C. § 2339A, and commit outside of the United States an act that would constitute murder, kidnaping, maiming, and injuring persons in violation of 18 U.S.C. § 956(a).[1] "Violent jihad" and actions taken in furtherance thereof are alleged as overt acts in the conspiracies. Counts twelve and

---

[1] Pursuant to plea agreements conditionally approved by the court on February 9, 2011, and June 7, 2011, the government agrees to dismiss counts three through eleven against Daniel Boyd and counts two, four, and eight, against Zakariya Boyd.

thirteen charge that on or about December 2, 2003, Subasic knowingly made false statements while procuring and attempting to procure naturalization, and on his formal application for naturalization.[2] On May 13, 2011, defendant elected to represent himself. The court appointed defendant's previous counsel to serve as stand-by counsel, who continues to assist defendant.

On January 31, 2011, while represented by counsel, defendant filed a motion to compel documents and things, lodged on the docket at entry 777. The motion sought to compel the government to produce various documents and things defendant contends were seized from his home in the Department of Homeland Security search ("ICE search") that took place on September 25, 2009.[3] The court denied the motion in order entered April 25, 2011, on the grounds that in its response, the government contended that upon its information and belief, it photocopied and disclosed to Subasic all documents and things seized from his home, and in addition, the government offered defense counsel an opportunity to inspect the evidence in the government's possession. Defense counsel reviewed physical evidence seized pursuant to the FBI warrant on March 30, 2011, and evidence seized pursuant to the ICE warrant on April 7, 2011. Upon review, defense counsel noted that the government had not produced copies of materials seized pursuant to the ICE warrant. Such copies were produced to defense counsel on May 6, 2011, after the court entered its order denying defendant's motion to compel.

On May 20, 2011, now proceeding *pro se*, defendant filed the instant motion, seeking permission to personally review the evidence seized in the searches. Defendant filed a *pro se*,

---

[2] Counts twelve and thirteen have been severed for separate trial, pursuant to order entered January 28, 2011, lodged on the docket at entry 750.

[3] In addition to the ICE search, the FBI issued a warrant on September 25, 2009, and government agents executed this warrant at 7:00 p.m. that same day. Defendant seeks to review materials taken during both searches.

handwritten supplement to the motion on May 25, 2011, lodged on the docket at entry 1025. The court, in order entered May 26, 2011, allowed consideration of the supplement to the extent it relates to the instant motion. To the extent the supplement requests new relief in the form of a motion to compel, said relief is denied where the court declined to re-open deadlines for motions to compel absent special showing, not here made, where defendant was represented by competent, able, counsel when the deadlines for filing motions to compel elapsed.[4] In its May 26, 2011, order, the court also specifically noted that successive supplementation to the instant motion would not be permitted.

## COURT'S DISCUSSION

Rule 16 of the Federal Rules of Criminal Procedure provides that upon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers, documents and other materials if the item is within the government's possession, custody, or control, and the item is material to preparing the defense or was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). The government concedes that Rule 16 on its face allows the inspection defendant seeks herein, and cites no legal authority for why defendant should not be permitted to review the evidence. The government opposes defendant's motion because it contends that all evidence has been inspected by competent counsel, defendant accepted any limitations brought about by his detention, and defendant has no greater state of knowledge regarding the evidence seized than counsel.

The court finds the government's arguments unconvincing as to why defendant should not be allowed to review the seized evidence in a timely manner. Copies of the seized evidence were

---

[4] More particularly, to the extent defendant's supplement to the instant motion, lodged on the docket at entry 1025, requests review of evidence seized from Daniel Boyd's home, such motion is untimely and is DENIED as moot. See the court's discussion in order lodged on the docket at entry 1032.

3

not provided to defense counsel until as late as May 6, 2011, after the court entered its order denying defendant's motion to compel documents and things and days before defendant elected to proceed *pro se*. The argument that competent counsel has already reviewed the evidence is not sufficient basis to deny defendant the relief he seeks. Additionally, while defendant might not have greater knowledge regarding the evidence seized than his stand-by counsel, this possibility is not a basis on which to deny defendant's review of the evidence at this time.

The court acknowledges the government's argument that in deciding to proceed *pro se*, defendant accepted the limitations brought about by his detention, specifically the Special Administrative Measures ("SAM") in place. The court repeatedly has had cause to remind defendant of this. In the instant motion, defendant notes he believes he can efficiently review the seized materials, only resulting in a "short delay." (Def.'s Mot. 5.) There is ability on the part of the government very quickly to make the information available for the defendant's direct inspection, in the presence of member(s) of the United States Marshals Service at the Terry Sanford Federal Building and Courthouse, or such other suitable location.

The court noted in order entered May 23, 2011, lodged on the docket at entry 1002, that defendant shall have five days from date of entry of this order to file any motion to suppress based on his review of the materials. While there was no protest of this short period accorded defendant, considering defendant's *pro se* status and the circumstances of his confinement, as well as need for the government to make suitable arrangements for defendant's inspection, the court extends the period within which defendant may file his motion to suppress, if any, to **seven** days from date of his inspection, such inspection to take place within **seven** days from date of entry of this order. No further time will be granted, and difficulties imposed by the SAM restrictions will not be considered

absent extenuating circumstances as grounds for granting a motion for extension on behalf of either party. The government has invoked SAM which does not relieve it of its obligations under Rule 16 of the Federal Rules of Criminal Procedure to permit the defendant to inspect and copy or photograph materials if the items are within the government's possession, custody, or control, and material to preparing the defense or was obtained from or belongs to the defendant. Defendant has decided to proceed *pro se* with full knowledge of the restrictions incident to his confinement and the difficulties that may result.

## CONCLUSION

Based on the foregoing, unique circumstances in this instance support the relief defendant requests, and defendant's *pro se* motion to review seized evidence (DE # 994) is GRANTED. The government is ORDERED within **seven** days to facilitate defendant's review of the evidence and his making of such copies as defendant may require. Defendant shall have **seven** days to file any motion to suppress, and the government's response shall be filed and served in the regular course.

SO ORDERED, this the 9th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5